IN THE SUPREME COURT OF THE STATE OF DELAWARE

LEON POWELL,        §
                          § No. 325, 2021
     Defendant Below,     §
     Appellant,           § Court Below—Superior Court
                          § of the State of Delaware
     v.                    §
                          § Cr. ID No. 82007195DI (N)
STATE OF DELAWARE,    §
                          §
     Appellee.          §

Submitted: February 25, 2022
Decided: March 28, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the appellant's opening briefs, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Leon Powell (who also identifies himself as Rashid Ali), challenges decisions of the Superior Court that (i) denied his motion for reconsideration of the court's denial of his second motion for postconviction relief, and (ii) denied his motion for correction of sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Powell's opening brief that his appeal is without merit. We agree and affirm.

## Background

(2)  In 1983, a Superior Court jury found Powell guilty of first-degree murder.  The Superior Court sentenced Powell to life imprisonment.  This Court affirmed on direct appeal.

(3)  Powell filed a motion for postconviction relief under Superior Court Criminal Rule 61 in 2014.  The Superior Court denied the motion, and this Court affirmed.[1]

(4)  On August 19, 2019, Powell filed a motion seeking the transcript of his 1983 sentencing hearing, at State expense, for the purpose of filing a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a).  On January 13, 2020, the Superior Court denied the motion on the basis that Powell had not asserted any grounds for relief under Rule 35(a).  Powell appealed, and this Court dismissed the appeal as interlocutory.[2]  The Court stated:  "To the extent that Powell seeks transcripts in connection with his pending [second] motion for postconviction relief [which had been filed after the appeal was filed but before it was decided], his pending motion to dismiss, or a future filing of a Rule 35(a) motion, if Powell is unsuccessful on the merits of any such motion, he may then appeal to this Court for

---

[1] *Powell v. State*, 2015 WL 3824781 (Del. June 17, 2015).
[2] *Powell v. State*, 2020 WL 1320920 (Del. Mar. 19, 2020).

a review of that final judgment as well as any interlocutory ruling relating to the denial of a request for transcript at State expense."[3]

(5) On January 21, 2020, Powell filed a second motion for postconviction relief. A Superior Court Commissioner issued a report dated February 19, 2020, recommending that the court summarily dismiss the second motion for postconviction relief as procedurally barred.[4] On May 25, 2020, the Superior Court adopted the Commissioner's report and denied the motion, on the grounds that Powell did not file objections to the Commissioner's report under Superior Court Criminal Rule 62.

(6) On September 11, 2020, the Superior Court received a letter from Powell inquiring about the status of the motion for postconviction relief and stating that he had "not received the final decision yet."[5] It is not clear from the record what, if any, action (or when) the Superior Court took in response to that letter. It is worth noting that the Superior Court's order denying Powell's second motion for postconviction relief was issued when the judicial branch was operating with limited onsite personnel, in accordance with the judicial-emergency declarations relating to the COVID-19 pandemic.

---

[3] *Id.* at *1.
[4] *State v. Powell*, 2020 WL 836607 (Del. Feb. 19, 2020).
[5] *State v. Powell*, Cr. ID No. 82007195DI, Docket Entry No. 78 (Del. Super. Ct. filed Sept. 11, 2020).

3

(7) On April 16, 2021, Powell filed a motion for reconsideration of the denial of his motion for postconviction relief. In the motion for reconsideration, Powell asserted that he was not informed of "the court's decisions" and therefore had no opportunity to file objections or an appeal. He asserted that Department of Correction records would demonstrate that he did not receive any legal mail from the Superior Court during the relevant period. He asked that the court reissue the Commissioner's report and the order adopting that report so that he could object or appeal.

(8) On June 28, 2021, Powell filed a motion for correction of an illegal sentence under Rule 35(a). He argued that he could not be convicted of first-degree murder because he had not been shown to have acted deliberately or with premeditation.

(9) On September 22, 2021, the Superior Court entered the two orders that are the subject of this appeal. One order denied Powell's motion for reconsideration of the denial of his second motion for postconviction relief on the grounds that Powell had not provided any evidence of when he received notice of the Commissioner's report, nor had he provided any other explanation for filing the motion for reconsideration so long after the Commissioner's report and the Superior Court's order adopting that report were issued. The Superior Court's other

4

September 22 order denied Powell's motion for correction of illegal sentence as repetitive.

*Second Motion for Postconviction Relief*

(10)   On appeal, Powell argues that the Superior Court erred by rejecting his motion for reconsideration when he had not received the Commissioner's report recommending summary dismissal of his second motion for postconviction relief or the Superior Court's order adopting the Commissioner's report and denying his second motion for postconviction relief.  Powell has not submitted a prison mail log or other support for his contention that he did not receive the report or order and therefore did not have an opportunity to file objections to the Commissioner's report or an appeal from the Superior Court's order denying his second motion for postconviction relief.  But the Superior Court record also does not demonstrate that the report and order were mailed to Powell.  Moreover, Powell's September 2020 letter requesting a status update—and the absence from the record of any court response to that letter—offers at least some support for his contention, especially in light of the fact that the Superior Court's order issued when judicial operations were disrupted by the COVID-19 pandemic.

(11)   Because the record is not clear regarding whether the Superior Court timely sent the relevant orders to Powell, we have considered Powell's arguments for postconviction relief.  We affirm the denial of the motion because we conclude

that the motion was procedurally barred under Rule 61. The motion was filed more than a year after Powell's conviction became final,[6] it was successive,[7] and it raised claims that could have been raised previously or were previously adjudicated.[8] Powell's arguments regarding the sentencing transcript and the purported failure to show that Powell acted deliberately or with premeditation do not meet the pleading requirements, set forth in Rule 61(d)(2)(i) and (d)(2)(ii), to overcome the procedural bars, nor do they establish that the Superior Court lacked jurisdiction.[9]

*Motion for Correction of Illegal Sentence*

(12) Powell argues that without a sentencing transcript, "any sentence is illegal" under Rule 35(a). He also argues that his sentence is illegal because he was improperly convicted of first-degree murder without the required proof that he acted deliberately or with premeditation—specifically, he argues that he could not be convicted of first-degree murder without also being convicted of possession of a deadly weapon during commission of a felony.

---

[6] DEL. SUPER. CT. CRIM. R. 61(i)(1).

[7] *See id.* R. 61(d)(2), (i)(2) (providing that a second or subsequent motion for postconviction relief is procedurally barred and shall be summarily dismissed unless the motion "pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid").

[8] *Id.* R. 61(i)(3)-(4).

[9] *Id.* R. 61(i)(5).

(13)   We review the denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion.[10]  To the extent the claim involves a question of law, we review the claim *de novo*.[11]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by the statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[12]

(14)   We conclude that the Superior Court's denial of Powell's motion for correction of illegal sentence should be affirmed.  First, Powell's claim concerning the denial of his request for his sentencing transcript does not demonstrate that the sentence is illegal.[13]  Second, his claim that he was improperly convicted of first-degree murder is directed to the validity of his conviction, rather than to the legality of his sentence, and therefore does not provide a basis for relief under Rule 35(a).[14]

---

[10] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[11] *Id.*
[12] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[13] *Cf. Davis v. State*, 2016 WL 358965, at *1-2 (Del. Jan. 28, 2016) (indicating that claim that Superior Court erred by denying a request for sentencing transcripts did not implicate Rule 35(a)).
[14] *Whitfield v. State*, 2004 WL 1097706, at *1 (Del. May 12, 2004).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_/s/ Collins J. Seitz, Jr._
Chief Justice